Kerry P. Faughnan, Esq., NSB #12204                    E-FILED 4/8/2017
P.O. Box 335361
North Las Vegas, NV 89033
(702) 301-3096
(702) 331-4222- Fax
Kerry.faughnan@gmail.com

Attorney for LN Management LLC Series 5310 Joshua Jose

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No:   BK-S-16-16593-ABL |
| ALESSI & KOENIG, LLC | Chapter :   7 |
| ------------------------------------------------------- LN MANAGEMENT LLC SERIES 5310 JOSHUA JOSE | Adversary Case No:  2:17-ap-01068-ABL |
| Plaintiff, v. | Hearing Date:  May 25, 2017 |
| JON L. TIGNOR, an individual; BERENDA G. TIGNOR, an individual; NATIONSTAR MORTGAGE, LLC...; and DOES 1 through 10, inclusive; | Hearing Time: 9:30 a.m. |
| | **MOTION OF LN MANAGEMENT LLC SERIES 5310 JOSHUA JOSE'S MOTION TO  REMAND BACK TO STATE COURT;** |
| Defendants. | **CERTIFICATE OF SERVICE** |

Comes now LN Management LLC Series 5310 Joshua Jose, pursuant to 28 USC 1452(b), Bank. Rule 9027(d), and 28 USC 1334(c)(1) & (2), who moves this court for remand of this action back to the Eighth Judicial District Court of Clark County, Nevada, removed to this court by Nationstar Mortgage.

This matter was removed to this court March 9, 2017.

A motion to remand must be filed within 30 days of removal.  28 USC 1447(c).  This motion is brought April 8, 20017, therefore it is timely.

Initially, the Notice of Removal is defective in that it does not specify whether this is a core or non-core proceeding.  Bank. Rule 9027(a)(1).

1

The purpose of the removal was forum shopping.  The issue Nationstar wishes to bring before the court is the constitutionality of NRS 116.3116.  Notice of Removal, Page 2, Paragraph 3, continued onto Page 3.

In the underlying bankruptcy case BK-S-16-16593-ABL, the Court has received a motion and emergency motion to set a case management conference in the removed matters, Docket Items 328 and 329.  It is repeated in said motion that all matters removed allegedly have a common question of law, that is, the constitutionality of NRS 116.3116.

**Lack of Subject Matter Jurisdiction**

LN Management LLC Series 5310 Joshua Jose is of the opinion this court lacks subject matter jurisdiction as the Debtor is not a party to the removed action, and has not been sued by LN Management LLC Series 5310 Joshua Jose or Nationstar.  Docket Item #1, Notice of Removal, Exhibit 22, State Court Docket.  This court therefore lacks jurisdiction pursuant to 28 USC 1447(c) and 28 USC 1452(a), as this matter could never have been independently brought in the district court due to lack of diversity of the defendants.  Without the debtor being a party in the removed action, this could only be a non-core proceeding.  Notice is given that if this court attempts to retrain jurisdiction, this party would not consent to entry of a final order or judgment by the bankruptcy court.

**Under 28 USC 1334(c)(1), Abstention is an Option of the Court**

The expertise of this court is not the constitutionality of NRS 116.3116.  The Nevada Supreme Court recently ruled in Saticoy Bay v. Wells Fargo, 133 Nev. Adv. Op. 5 (Jan. 26, 2017) that NRS 116.3116 is constitutional because of a lack of a state actor.  In comparison, the 9th Circuit stated August 12, 2016 in Bourne Valley Court Trust v. Wells Fargo, N.A., 832 F.3d 1154 (9th Cir. 2016), that the statute was unconstitutional, but the Nevada Supreme Court specifically declined to follow Bourne Valley.  Thus the entire purpose of the removal is an exercise in forum

2

shopping to go from where the removant knows they will not prevail under Saticoy Bay, to another court where they might prevail because of Bourne Valley.

Nothing prior to this time has prevented Nationstar and all similar lenders from consolidating the removed cases in state court to resolve the constitutionality question believed run through the cases.

Pursuant to 28 USC 1334(c)(1), there is nothing that prevents this court, in the interest of comity with State courts, or respect for state law, from abstaining from hearing a particular proceeding arising under title 11, or arising in or related to a case under title 11.

When a party is using removal to specifically forum shop, and suddenly remove a 3 year old case because the law is against the removing party, this court in the interest of comity and respect for state law, should abstain from hearing the case.

This court should not condone forum shopping.

### Under 28 USC 1334(c)(2), Abstention is Mandatory

Because of the lack of diversity of the in the original case between LN Management LLC Series 5310 Joshua Jose and the prior homeowner defendants in this case, Jon L. Tignor and Berenda G. Tignor, this matter could not have been commenced in a court of the United States. Weeping Hollow Avenue Trust v. Spencer, Case 13-16060 (9th Cir. August 12, 2016), a prior homeowner is proper and necessary party, which destroys diversity.

The removed action concerns an action for quiet title and declaratory relief Docket Item 1, Notice of Removal, Exhibit 1, Complaint, Exhibit 1. These are matters of state law.

28 USC 1334(c)(2) provides that upon a timely motion in a proceeding based upon a state law claim or state law cause of action, with respect to a case that could not have been commenced in a court of the United States absent jurisdiction under title 11, the district court **shall** abstain from hearing the proceeding, if the matter can be timely adjudicated in the state forum.

3

There is nothing that prevents the timely adjudication of this case in state court. Abstention is therefore required in this matter.

**Conclusion**

For the above and foregoing reasons, LN Management LLC Series 5310 Joshua Jose remand the case back to the Eighth Judicial District Court of Clark County, Nevada, where is has been these last 3 years.   This court lacks subject matter jurisdiction.  In the alternative, if this court maintains it has subject matter jurisdiction, this court should still abstain from considering the matter and remand.  The court should not participate in the removant's attempt to game the system.

DATED  April 8, 2017.        <u>Kerry P. Faughnan</u>
                             Kerry P. Faughnan, Esq., NSB #12204
                             P.O. Box 335361
                             North Las Vegas, NV 89033
                             (702) 301-3096
                             (702) 331-4222- Fax
                             Kerry.faughnan@gmail.com

                             Attorney for LN Management LLC
                             Series 5310 Joshua Jose

**CERTIFICATE OF SERVICE**

I certify that on April 8, 2017, I allowed the court's ECF system to serve a copy of the foregoing pleading on the following:

Natalie Winslow, Esq..
AKERMAN LLP
1160 Town Center r., Ste. 330
Las Vegas NV 89144
natalie.winslow@akerman.com

Attorney for Nationstar Mortgage

With a copy mailed by first class mail, postage prepaid, to:

Ryan Alexander, Esq.
Ryan Alexander Chtd.
3017 W. Charleston Blvd., Ste 58
Las Vegas NV 89102

Attorney for Chapter 7 Debtor Alessi & Koenig, LLC

Jeanette E. McPherson, Esq.
Jason A. Imes, Esq.
SCHWARTZER & McPHERSON LAW FIRM
2850 S. Jones Blvd., Ste. 1
Las Vegas NV 89146

Attorney for Chapter 7 Trustee Shelley D. Krohn

U.S. Trustee – LV – 7
300 Las Vegas Blvd. S., Ste 4300
Las Vegas NV 89101

US Trustee

Dated  April 8, 2017.          <u>Kerry P. Faughnan</u>
                               Kerry P. Faughnan, Esq., NSB #12204

5